JACOB MENDELSON et al., Copartners under the Name of MENDELSON BROS. & SIFF, Respondents, v. THE STATE OF NEW YORK, Appellant.

*State — negligence — filling of flood channels — liability for loss of property through inundation.*

*Mendelson* v. *State of New York,* 218 App. Div. 210, affirmed.
(Argued June 16, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered January 17, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed a judgment of the Court of Claims dismissing the claim herein and directed judgment in favor of the claimants. The claim was for damage to plaintiffs' property caused by the collapse of the building occupied by them caused, as alleged, by flood waters precipitated against it, through the filling by the State of flood channels in connection with the construction of the Barge canal.

*Albert Ottinger,* Attorney-General (*Albert J. Danaher* and *Joseph B. Mulholland* of counsel), for appellant.

*Arthur E. Sutherland* and *Joseph Sterling* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MARY WALKER, Respondent, v. REALTY MANAGERS, INC., Appellant, Impleaded with Others.

*Negligence — building — failure to erect shed over sidewalk extending to curb — liability of owner for injury to pedestrian struck by board falling from building.*

*Walker* v. *Realty Managers, Inc.,* 218 App. Div. 829, affirmed.
(Argued June 15; 1927; decided July 20, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1926, affirming a judgment in favor

of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant.   Plaintiff, while crossing to the northeast corner of Fifth avenue and Thirty-sixth street in the borough of Manhattan was struck on the head by a piece of board which fell from a building under construction at that corner and received the injuries complained of.   The owner of the building was held liable for failure to erect a shed extending from the building line to the curb over the sidewalk adjacent to the building.

*George F. Hickey, Henry L. Ughetta* and *William Butler* for appellant.

*James G. Purdy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

YETTA SCHULMAN, Respondent, *v.* JOB E. HEDGES, as Receiver of NEW YORK RAILWAYS COMPANY, Defendant, and JOSEPH TINO & CO., INC., Appellant.

MORITZ SCHULMAN, Respondent, *v.* JOB E. HEDGES, as Receiver of NEW YORK RAILWAYS COMPANY, Defendant, and JOSEPH TINO & CO., INC., Appellant.

*Negligence — motor vehicles — passenger on trolley car injured from collision with auto truck.*

*Schulman* v. *Hedges* (2 cases), 219 App. Div. 782, affirmed.
(Argued June 17, 1927; decided July 20, 1927.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 26, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff Yetta Schulman through the negligence of defendants, and in an action by her husband to recover for loss of services and expense